IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY

**ROY STEVE DAVIS,**

    **Petitioner,**

**v.**

                        **Case No. 5:13-cv-24876**

**JOEL ZIEGLER, Warden,**
**FCI Beckley,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court are the petitioner's Application Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State or Federal Custody (ECF No. 1), the petitioner's Motion for Expedited Service (ECF No. 5), the petitioner's Motion for Consideration (ECF No. 9), the petitioner's Motion for Reconsideration (ECF No. 12) and the respondent's Motion to Dismiss Petition (ECF No. 13).  This matter is assigned to the Honorable Irene C. Berger, United States District Judge and, by Standing Order, it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

At the time he filed his petition, the petitioner was incarcerated at the Federal Correctional Institution in Beckley, West Virginia, serving a 322-month term of imprisonment imposed by the United States District Court for the Eastern District of Virginia, on convictions of Bank Robbery, Assault, and Putting in Jeopardy Lives of

Others by Use of a Dangerous Weapon in violation of 18 U.S.C. § 2113(a), and Use of a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1). (ECF No. 10 at 2 and Attach. A). At the time the respondent's Response was filed, the petitioner was a medium custody inmate assigned to a medium security level institution. (ECF No. 10 at 2 and Attach. B). The petitioner's projected release date is July 28, 2014. (ECF No. 10 at 2 and Attach. C).

On October 9, 2013, the petitioner, proceeding *pro se*, filed an Application Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State or Federal Custody (ECF No. 1). The petition asserts that, based upon his participation in various Bureau of Prisons ("BOP") skills development programs, and good behavior, he should qualify under the Second Chance Act, 42 U.S.C. § 17541, for a full 12 months' placement in a Residential Re-entry Center ("RRC") or, alternatively, his security points should be reduced and he should be transferred to a lower security level facility. (*Id.* at 9).

On November 5, 2013, the petitioner filed a Motion to Expedite Service (ECF No. 5), in which he requested that the court expedite the issuance of an Order to Show Cause and service of his petition. On November 22, 2013, the undersigned issued an Order to Show Cause and directed the respondent to respond to the petition by January 6, 2014. (ECF No. 6). Then, on December 17, 2014, the petitioner filed a Motion for Consideration (ECF No. 9), again requesting expedited consideration of his petition, in light of his scheduled release date to an RRC on February 24, 2014.

On December 23, 2013, the respondent filed a Response to Order to Show Cause (ECF No. 10), asserting that the BOP had fulfilled its statutory obligation to review the petitioner for RRC placement. *See* 18 U.S.C. §§ 3261(b) and 3624(c)(1) (as amended by

the Second Chance Act of 2007). The Response further contends that there is no minimum time an inmate must spend in RRC placement; rather, placement decisions are considered on "an individual basis" and must allow placement "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." *See* 28 C.F.R. § 570.22. (ECF No. 10 at 4). According to the Response, BOP staff considered the petitioner for placement and recommended that 181-270 day placement in an RRC would satisfy the petitioner's release needs. (ECF No. 10 at 4 and Attach. E). Accordingly, the respondent asserts that the petitioner is entitled to no relief under section 2241 because the BOP properly executed its duties and the petitioner has no right to designation in a particular facility or a particular security level. (ECF No. 10 at 5-6).

On January 6, 2014, the petitioner filed a Traverse (ECF No. 11). The Traverse asserts that the petitioner was not reviewed for RRC placement 17-19 months before his projected release date and that no consideration was given to the factors set forth in 18 U.S.C. § 3621(b). (*Id.* at 1, 4-5). Thus, the petitioner asserts that the BOP's determination for his RRC placement was arbitrary, capricious or an abuse of discretion, and delayed his rightful placement in a halfway house. (*Id.* at 1-2). The petitioner further asserts that his successful completion of BOP skills development programming was not appropriately considered by his case manager, which, he argues, has affected his security point reduction and consideration for earlier RRC placement. (*Id.* at 2-4). The petitioner further asserts that his RRC placement recommendation wound up being for 120-150 days, which is less than the originally recommended 181-270 days. (*Id.* at 1, 5-6). The petitioner emphasizes that the underlying premise of the Second Chance Act amendments was to foster more successful community integration by permitting longer

periods of time in an RRC, and that an individualized consideration of the circumstances in his case warranted a longer RRC placement. (*Id.* at 5-6).

On January 9, 2014, the petitioner filed a Motion for Reconsideration (ECF No. 12), in which he requested the court to render a decision upon his petition, which was then ripe for review.

On May 22, 2014, before the undersigned could address the merits of the petition, the respondent filed a Motion to Dismiss (ECF No. 13), indicating that the petitioner was released from FCI Beckley to an RRC on February 27, 2014. (ECF No. 13 at 2 and Attach. A). Thus, the respondent asserts that the petitioner's section 2241 petition must be dismissed as moot. (*Id.* at 3-4).

## **ANALYSIS**

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review. U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). When a case or controversy no longer exists, the claim is said to be "moot." The respondent's Motion to Dismiss (ECF No. 13) asserts that the petitioner's claim for habeas corpus relief is now moot in light of his release to an RRC, which was the relief he was seeking. The respondent's Motion states in pertinent part:

> Generally speaking, a case becomes moot when the issues are no longer live or the parties lack a cognizable interest in the outcome. *Powell v. McCormack*, 3965 U.S. 486, 496 (1969). If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot. *Blanciak v. Allegheny Ludlum Co.*, 77 F.3d 690, 699 (3d Cir. 1996). *See also Garcia v. Lawn*, 805 F.2d 1400, 1402 (9th Cir. 1986) (stating that "the test for mootness . . . is whether the appellate court can give the appellant any effective relief in the event

4

that it decides the matter on the merits in his favor."). (ECF No. 13 at 2). In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance. *See*, *e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 Fed. Appx. 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 Fed. Appx. 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, 2007 WL 2897942 (N.D. W. Va. 2007).

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the petitioner's section 2241 petition is now moot in light of his release to an RRC. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the respondent's Motion to Dismiss (ECF No. 13), **DENY AS MOOT** the petitioner's section 2241 petition (ECF No. 1) and **DENY** the petitioner's other pending motions (ECF Nos. 5, 9 and 12).

The petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.

Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Judge Berger.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the petitioner at the following address: Roy Steve Davis, Register Number 16159-083, Rehab Services # 1, 300 West 20th Street, Norfolk, VA 23517. The Clerk is directed to modify the docket sheet to reflect the petitioner's new address.

   June 11, 2014

Dwane L. Tinsley
United States Magistrate Judge

6